131 T.C. No. 3

UNITED STATES TAX COURT

CARL H. JONES III AND RUBIELA SERRATO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10434-06.                    Filed July 28, 2008.


        P-H was eligible for retirement when he was laid off in
2002.  Later that year P-H began day trading.  In 2003 P-H
traveled approximately 750 miles to Georgia from his home in
Florida to take a 5-day one-on-one course in day trading.  P
claimed deductions pursuant to sec. 212(1), I.R.C., for the
expenses relating to the course.

        <u>Held</u>:  Sec. 274(h)(7), I.R.C., prohibits the expenses
relating to the course from being deducted under sec.
212(1), I.R.C., because the course is a convention, seminar,
or similar meeting.



<u>James R. Monroe</u>, for petitioners.

<u>Monica J. Miller</u>, <u>Laura A. Price</u>, and <u>Francis C. Mucciolo</u>,
for respondent.

VASQUEZ, Judge:  Respondent determined a $2,209 deficiency in petitioners' 2003 Federal income tax.  After concessions, the issue for decision is whether petitioners are allowed to deduct the cost of a one-on-one course in day trading pursuant to section 212(1).[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petition, petitioners resided in Florida.

Carl H. Jones III (petitioner), an electrical engineer eligible for retirement, was laid off in 2002.  Petitioner began day trading in 2002 but had invested in stocks for 35 years. Petitioner spent approximately 6.5 hours a day Monday through Friday reviewing, studying, and executing trades.  In order to improve his day trading abilities, petitioner signed up for a 5-day one-on-one course called DayTradingCourse.com (the course) that he had read about online.[2]  The course was held in Cartersville, Georgia, approximately 750 miles from petitioner's home in Florida.  Petitioner drove by himself to the course.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The course is also known as Etowah Valley, Inc.

Petitioner stayed at a modest local hotel just off the interstate highway approximately 5 miles from the course location.

The course consisted of 5 days of intensive training and instruction taught by Paul Quillen. Monday through Thursday petitioner received 8 hours of instruction daily, and on Friday petitioner received 5 hours. During the course petitioner learned strategies about day trading, studied Japanese candlestick patterns,[3] and took a psychological exam. During his time in Cartersville petitioner did not participate in recreational activities. In 2003 and as of the date of trial petitioner continued his day trading activity. Petitioners concede that they are not in the trade or business of day trading.

Petitioners claimed $17,563 as miscellaneous itemized deductions on their 2003 joint Federal income tax return. Of that amount $6,053.06 was for the course and related expenses. The total of $6,053.06 consisted of: $5,247 for the course, $416.64 for lodging, $224.10 for round trip travel from petitioner's home to and from Cartersville, Georgia, where the course was held, $145.32 for food, and $20 for a course book. On or about March 31, 2006, respondent issued petitioners a notice of deficiency. Petitioners timely petitioned the Court.

---

[3] Japanese candlestick trading is a method where the trader looks for patterns in the price of the stock over a period.

OPINION

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, the burden of proof is on petitioners to show that respondent's determination set forth in the notice of deficiency is incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace; petitioners have the burden of showing that they are entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioners claimed the deductions pursuant to section 212(1). Section 212(1) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income. Petitioners argue that the course was necessary in order for petitioner to become a better day trader and to maximize profits and minimize losses on his trading activity.

Section 274(h)(7) provides that no deduction shall be allowed under section 212 for expenses allocable to a convention, seminar, or similar meeting. Petitioners argue that the course is not a convention, seminar, or similar meeting as contemplated by section 274(h)(7). We disagree.

In Gustin v. Commissioner, T.C. Memo. 1983-592, we held that a taxpayer who lived in Wisconsin was allowed deductions pursuant to section 212 for expenses related to attending conventions sponsored by an association of investment clubs in San Diego, Cleveland, and Amsterdam. We were satisfied that the expenses bore the requisite connection with her income-producing activities as an investor in a portfolio of stocks because her primary purpose in going to the conventions was to learn strategy and information that she put directly to use in her investment decisions.

Thereafter in 1986 Congress, in effect overruling Gustin, enacted section 274(h)(7) to curb taxpayers from claiming deductions under section 212 for expenses related to conventions, seminars, or other meetings related to financial planning. The accompanying House and Senate committee reports observed that individuals had claimed deductions for attending seminars about investments in securities or tax shelters, and that in many cases those seminars were held in locations that were attractive for vacation purposes and scheduled in ways to allow substantial recreation time. H. Conf. Rept. 99-841 (Vol. II), at II-31 to II-32 (1986), 1986-3 C.B. (Vol. 4) 1, 31-32. The disallowance of expenses is intended to extend to registration fees, travel and transportation costs, and meal and lodging expenses, among other costs attributable to attending a convention, seminar, or similar

meeting.  S. Rept. 99-313, at 75 (1986), 1986-3 C.B. (Vol. 3) 1, 75.

The fact that petitioner did not engage in recreational activities during the course is not determinative.  Petitioner traveled nearly 750 miles to take a course on investing in securities.  Whether petitioner stayed at a modest motel or a luxury hotel is also not determinative.  The one-on-one nature of the course is not determinative.  Section 274(h)(7) is broad and disallows deductions pursuant to section 212 for the costs, including registration fees, travel, meals, and lodging, incurred to attend a convention, seminar, or similar meeting even if the personal benefits of the trip are secondary to the investment benefits.  Merriam-Webster's Collegiate Dictionary (9th ed. 1985) defines a seminar as a meeting for giving and discussing information.  Over 5 days petitioner received hours of information about day trading in the course taught by Mr. Quillen.  In the light of the terms and purpose of section 274(h)(7), we conclude that the course was a seminar, or a similar meeting within the scope of that statute, and therefore the expenses relating to the course cannot be deducted pursuant to section 212(1).

It is important to note that section 274(h)(7) does not preclude deductions pursuant to section 162 (trade or business expenses) for conventions, seminars, or similar meetings.

Petitioners concede they were not in the trade or business of day trading and cannot deduct the expenses relating to the course pursuant to section 162.

In reaching our holding herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.